# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-105 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| DALE WAYNE GREEN | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

In the above-captioned case, the Defendant, Dale Wayne Green ("Green"), has been charged with one count of possession of a firearm and ammunition by a convicted felon. Record Document 1. This case is set for jury trial beginning on February 26, 2018. At the pretrial conference, the Government notified the defense and the Court of its intent to introduce evidence pursuant to Federal Rule of Evidence 404(b), in the event the Court does not find this evidence to be intrinsic to the charged offense. The Government subsequently filed a formal notice into the record. Record Document 36. Green opposed the notice [Record Document 40], and the Government filed a response thereto [Record Document 41]. For the following reasons, the Government's evidence as to (1) the witness who allegedly saw Green in possession of a gun during drug sales and (2) the drugs, paraphernalia, and currency found at the apartment are **CONDITIONALLY ADMITTED** subject to the alleviation of the Court's relevance concerns, as discussed below. However, Task Force Officer Hank Haynes will not be permitted to testify as a drug trafficking expert.

The Government's notice indicated its intent to present evidence: (1) of a witness who purchased drugs from Green in 2016 and who saw Green in possession of a firearm; and (2) that on August 11, 2016, evidence of drug trafficking was discovered in the same

apartment in which the firearms at issue were found.[1] Furthermore, as the defense correctly notes, "in an effort to tie all of the drug evidence together," [Record Document 40], the Government has provided notice of its intent to call Hank Haynes, a DEA Task Force Officer, as an expert witness who will testify that the evidence against Green is consistent with drug trafficking. See Record Document 35.

1. Evidence of firearm possession during drug sales in 2016

The Government intends to introduce witness testimony that "on numerous occasions in 2016," a witness saw Green in possession of a firearm. In a statement to ATF agents, the witness described a "black pistol" which was either in the center console of the vehicle Green was in or was between the driver's seat and the center console. On one occasion, Green allegedly saw a handgun that the witness brought to the drug sale and expressed an interest in purchasing it. The Government argues this extrinsic evidence is admissible under United States v. Beechum, 582 F.2d 898 (5th Cir. 1978).

Rule 404(b) provides:

(b) Crimes, Wrongs, or Other Acts.
(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

---

[1] The Government initially planned to introduce a third type of evidence– drugs which were found in the hotel room in which Defendant was arrested. Record Document 36. However, the Government has voluntarily withdrawn this request and agrees not to attempt to introduce this evidence. Record Document 41.

Fed. R. Evid. 404(b). Rule 404(b) limits the evidentiary admission of extrinsic acts. The rule "is designed to guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense." United States v. Sumlin, 489 F.3d 683, 689 (5th Cir. 2007). Beechum imposes a two-step analysis to determine the admissibility of extrinsic act evidence: (1) the court must first determine whether the extrinsic act is relevant to an issue other than the defendant's character; and (2) the court must ensure the probative value of the evidence is not outweighed by its prejudice. Beechum, 582 F.2d at 911.

Here, the Government submits that the evidence is relevant to prove background, absence of mistake, knowledge, intent, plan, motive, and modus operandi. Under Beechum's first step, to determine relevancy, the Court must assess whether the Government has offered sufficient proof that the Defendant committed the extrinsic act. Sumlin, 489 F.3d at 691. In order to make this determination, the Court requires more foundation to be laid by the Government. The time frame in which the witness observed Green with a gun needs to be narrowed. Simply saying that the witness saw the gun on numerous occasions within 2016 will likely not be sufficient. Also, the Court requires more information about where the gun was located when the witness observed it. The statement provided to the Court is that the gun "was in the center console of the vehicle Green was in or in-between the driver's seat and the center console." The witness identified Green's vehicle as a white Dodge Challenger with orange racing stripes, and also indicated that Green had been seen driving a tan Tahoe or Suburban, as well as a small

silver sedan. In which vehicle or vehicles was the gun observed? Was it in one of the aforementioned vehicles which Green had been seen driving? Or, rather, was it in another vehicle unconnected to Green? During these drug sales, was Green the driver of the vehicle; was he alone in the vehicle; or were others in the vehicle with him?

Presuming these details are satisfactorily explained and there is an established nexus between Green and the gun(s), the Court finds the evidence admissible under Rule 404(b).[2] Evidence of prior possession of a gun is plainly relevant, and this Court would be inclined to admit such evidence at trial. However, the issue here, and the focus of Green's opposition, is that the witness's testimony will indicate that the circumstances which led the witness to observe the gun happened to be during several drug sales. The defense contends that any testimony that Green "is a street-level dealer" is not relevant to anything other than his character, and thus, such testimony should be excluded. While Green admits that the Government's theory that drug dealers possess firearms for personal protection might be relevant in a drug case, he submits it is not relevant in a firearms case.

The Fifth Circuit "has recognized that possession of firearms is highly probative in proving criminal intent, since firearms have been recognized as 'tools of the trade' of those engaged in illegal drug activities." United States v. Townsend, 1999 WL 427597, *9 (5th Cir. 1999) (quoting United States v. Martinez, 808 F.2d 1050, 1057 (5th Cir. 1987)). More specifically, the Fifth Circuit has cited with approval the First Circuit's decision in United States v. Weems, 322 F.3d 18 (1st Cir. 2003), wherein the First Circuit held that evidence

---

[2] Before this witness's testimony is put before the jury, the Court will require a proffer to answer some of the questions outlined above and ensure relevance.

of drug dealing at the house where the defendant was arrested was admissible in a felon-in-possession case to establish that the defendant had a motive to possess a firearm. See United States v. Kinchen, 729 F.3d 466, 473 (5th Cir. 2013).

Indeed, appellate courts have consistently found that in felon-in-possession cases, evidence of prior drug sales is relevant for the purpose of showing motive for the defendant's possession of the firearm in question. See United States v. Cunningham, 702 F. App'x 489, 492-93 (8th Cir. 2017) (intrinsic evidence of prior drug sales admitted, as it "helped explain Cunningham's motive for possessing the firearms" and noting the "close and well-known connection between firearms and drugs."); United States v. Underwood, 654 F. App'x 403, 408 (11th Cir. 2016) (admitting intrinsic evidence that drugs were found along with a loaded hand gun in vehicle defendant was driving because, in part, it "provided context for why the firearm might have been in the vehicle"); United States v. Moon, 802 F.3d 135, 144 (1st Cir. 2015) (evidence of drugs and paraphernalia found in defendant's bedroom was relevant to show defendant's control over the area where gun was found, as well as prove that his motive for possessing the gun was to protect his drugs and drug money); United States v. Schmitt, 770 F.3d 524, 534 (7th Cir. 2014) (evidence that defendant was a drug dealer and that drugs were found in his home was relevant to explain to the jury why he would possess a firearm); United States v. Williamson, 315 F. App'x 734, 737 (10th Cir. 2009) (evidence that drugs were found in same backpack as firearm was relevant and supported Government's theory that defendant carried the gun to protect his drug trafficking business).

Thus, evidence of motive– that the defendant had a reason to commit the crime– is relevant even though it may not be an element of the charged offense. Kinchen, 729 F.3d at 472 ("Motive is not an ultimate issue in this case, such as an element of the criminal offense, but it is part of the story and provides context to the events in question."). In this case, the Court finds the evidence of gun possession during prior drug sales to be relevant to the charges against Green.

The Court next turns to the second step of Beechum, which is a weighing of the probative value of the evidence against the prejudice likely to result from its admission. The probative value of the evidence is extremely high. The evidence is intended to show the Defendant possessed a gun on various occasions in the months leading up to his arrest, which is relevant to the issue of whether he possessed the firearms at issue on August 11, 2016, the date charged in the indictment. It is also provides context to the witness's story by explaining how the witness came to meet with Green at all, and how and why the witness was able to observe the gun inside the vehicle. While evidence of drug sales carries the risk of prejudice, in this case the Court does not find that the prejudice outweighs the probative value. Any prejudicial effect can be diminished through the use of a limiting instruction to the jury. The defense should submit its proposed limiting instruction by **Wednesday, February 21, 2018.**

2. <u>Evidence of drugs in the apartment.</u>

The Government intends to introduce evidence that inside the apartment where the guns were found, officers discovered drug paraphernalia and packaged bags of marijuana

inside of a suitcase containing men's clothing. The Government also intends to introduce evidence of $8,000 that "was recovered from two (2) men's vests located in the master bedroom closet." Record Document 41. The Government asserts that this evidence is intrinsic, not extrinsic, because the guns and drugs were found on the same day, in the same apartment, during the same investigation. In the alternative, the Government argues that the evidence is admissible under Rule 404(b). In opposition, Green argues that this evidence is not relevant and is unduly prejudicial.

Once again, the Government has failed to provide critical details that would allow the Court to determine the relevancy of this evidence. It has indicated that there were plastic sandwich baggies and that four "baggies of suspected marijuana" were found "in a suitcase containing men's clothing. These baggies were packaged for street level distribution." The Government's focus is on the evidence found during the search of the apartment, but the record is devoid of critical threshold information, such as who resided in the apartment in which the drugs and guns were found. Based upon the pleadings filed in the record, the Court is unaware of who lived in the apartment; what Green's connection was to the apartment; where in the apartment the guns were found; where the suitcase was found; and the circumstances that led the Government to believe the suitcase was associated with Green. The same questions surround the admissibility of the currency found in the clothing in the master bedroom closet. To whom did the master bedroom belong? Whose clothes were kept in the master closet?

Finally, the Court notes that the Government used the term "suspected marijuana" in its pleading. Have the "suspected" drugs been tested and confirmed to be marijuana? If not, the question of relevance under Beechum becomes much more difficult for the Government to surmount. See Sumlin, 489 F.3d at 690 (evidence of alleged drug transportation was insufficient under Rule 404(b), as "the only evidence of any drugs whatsoever was the one untested cigarette . . . that allegedly contained marijuana but was never tested in a laboratory to confirm its contents. Thus it is questionable as to whether he possessed a controlled substance."); United States v. Ridlehuber, 11 F.3d 516, 522-23 (5th Cir. 1993) (drug evidence deemed insufficient and thus inadmissible under 404(b) because no drugs were found, the chemicals discovered all had legitimate uses, and the Government's theory about the use of the chemicals was conjecture).

Once again, presuming these details are explained satisfactorily by a witness, the Court finds the evidence is intrinsic and not unduly prejudicial.[3] "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged. Intrinsic evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place and to evaluate all of the circumstances under which the defendant acted." United States v. Girod, 646 F.3d 304, 319 (5th Cir. 2011). Intrinsic evidence is generally admissible so that the jury can evaluate all of the circumstances under which the defendant acted. Here, this evidence naturally "allow[s]

---

[3] Before testimony is put before the jury, the Court will require a proffer to answer some of the questions outlined above and ensure relevancy.

the government to tell the whole story of a . . . criminal episode." United States v. Rice, 607 F.3d 133, 141 (5th Cir. 2010); see also United States v. Hamilton, 723 F.3d 542, 546 (5th Cir. 2013) (finding that evidence of on-scene investigation was intrinsic and not governed by Beechum). It allows the Government to tell the complete story surrounding the discovery of the firearms and provides immediate context of the events in time and place. United States v. Coleman, 78 F.3d 154, 156 (5th Cir. 1996); see also United States v. Garza, 118 F.3d 278, 285 (5th Cir. 1997) ("The silencers and silencer-making materials were found contemporaneously with the six kilograms of cocaine found in Tovar's apartment. Firearms and silencers are deemed to be parts of the tools-of-the-trade of drug trafficking and are relevant intrinsic proof of an ongoing conspiracy.")

The Fifth Circuit has held that the Rule 403 balancing test should *generally* not be used to exclude intrinsic evidence because intrinsic inculpatory evidence is by its very nature prejudicial. See United States v. Sudeen, 434 F.3d 384, 389 (5th Cir. 2005). Here, even if the probative value was weighed against the danger of undue prejudice, the Court finds the evidence is not unduly prejudicial. The defense may submit a proposed limiting instruction by **Wednesday, February 21, 2018**.

3. Expert Testimony.

As previously mentioned, the Government has indicated its intent to have Task Force Officer Haynes testify about the drugs, paraphernalia, and currency found in the apartment, to explain that these items are all consistent with drug trafficking. Proposed testimony which draws an inference between the drugs, paraphernalia, and currency found

in the apartment and drug trafficking is extrinsic testimony and is governed by Beechum. See Hamilton, 723 F.3d at 546 (officer's testimony, which drew inferences between defendant's possession of a gun and his probable gang membership was extrinsic and inadmissible where the case was based entirely on circumstantial evidence, evidence of guilt was sparse, and evidence of gang membership was overly prejudicial); see also Ridlehuber, 11 F.3d at 523-24 (finding that prejudicial impact of extrinsic drug evidence was magnified by prosecution's focus on that evidence where a significant portion of trial and witness testimony focused on the uncharged, alleged drug manufacturing, rather than the gun charged in the indictment).

The Court holds that Task Force Officer Haynes's testimony would place undue weight on drug evidence in this felon-in-possession case. His proposed testimony creates the risk that the drug evidence would take center-stage. Furthermore, the Court does not find that the testimony is altogether necessary to explain to the jury the inferences that may be drawn from the evidence. Accordingly, Task Force Officer Haynes will not be permitted to testify as a drug trafficking expert in this matter.

4. Conclusion.

For the foregoing reasons, the Government's evidence (the witness who allegedly saw Green in possession of a gun during prior drug sales and the evidence of drugs, paraphernalia, and currency at the apartment where the firearms were discovered) is conditionally admitted, subject to the Government establishing relevance. Further, based

on the circumstances of this case, Officer Haynes will not be permitted to testify as a drug trafficking expert.

**THUS DONE AND SIGNED** this 15th day of February, 2018.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE